[No. 12325-1-III.   Division Three.   January 20, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. ELBERT W. WILLIAMSON, *Appellant.*

*Mark E. Vovos,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

WARDELL, J.[*] — This court reversed six of Elbert Williamson's seven convictions of first degree child molestation and remanded for resentencing. Upon resentencing, the trial court imposed a standard term of imprisonment and an exceptional term of community placement. Mr. Williamson contends (1) the court's reason for the exceptional sentence

---

[*]Judge Carol A. Wardell is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

is not supported by the record; and (2) the court is collaterally estopped from imposing an exceptional sentence higher than the standard range. Pro se, Mr. Williamson contends the exceptional sentence is clearly excessive and the result of prosecutorial vindictiveness. He also argues that the one remaining conviction should be reversed. We hold that the reason for the exceptional sentence as to community placement is not supported by the record. We reverse and remand for resentencing.[1]

After a bench trial, Mr. Williamson was found guilty of seven counts of first degree child molestation. In that proceeding, the trial court determined Mr. Williamson was not a caretaker or a baby-sitter for the children at the time of the offenses.[2] Rather, Mr. Williamson was viewed by the children as their stepgrandfather.

At the original sentencing hearing, the prosecutor argued there were two aggravating factors justifying an exceptional sentence: (1) Mr. Williamson's abuse of a position of trust as the victims' stepgrandfather, and (2) the fact that his offender score was significantly in excess of 9. Nonetheless, the prosecutor expressly stated she was not requesting an exceptional sentence, but rather a sentence at the top of the standard range, 144 months plus 1 year of community placement.[3] In

---

[1]Since this issue is dispositive, we do not consider whether collateral estoppel applies to the facts of this case. It is also unnecessary for us to address the issues raised by Mr. Williamson in his supplemental brief. His guilt was determined at trial and affirmed on appeal, and his exceptional sentence is reversed.

[2]The finding was relevant to the issue of sexual gratification, which the trial court inferred from the circumstances surrounding the touching. The court relied on *State v. Ramirez*, 46 Wn. App. 223, 226, 730 P.2d 98 (1986), which permits the trier of fact to infer the purpose of sexual gratification in the crime of indecent liberties when "an adult unrelated male, with no caretaking function, is proven to have touched the 'sexual or intimate parts' of a little girl . . .".

[3]Technically, by seeking a sentence of 144 months, the prosecutor *was* requesting an exceptional sentence. RCW 9.94A.420 provides: "If the presumptive sentence duration given in the sentencing grid exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence." When this offense occurred in 1989, the presumptive range was 108 to

its oral opinion, the trial court agreed Mr. Williamson occupied a position of trust, which he abused, and was in a state of denial. However, the court imposed an exceptional sentence below the standard range: 62 months of confinement plus 1 year of community placement.

Mr. Williamson appealed the convictions, contending there was insufficient evidence to support them. The State cross-appealed the exceptional sentence below the standard range. By unpublished opinion, this court reversed six of the convictions, affirmed one, and remanded for resentencing. The court did not reach the State's cross appeal.

On remand, the State sought an exceptional sentence: a term of confinement in excess of the standard range or, in the alternative, additional community placement. The standard sentence range for Mr. Williamson's single remaining conviction was 21 to 27 months' confinement followed by 1 year of community placement. The resentencing court[4] imposed a standard term of confinement[5] and an exceptional sentence of 3 years of community placement.[6]

At the new sentencing hearing, the court did not conduct any further hearings. The record was as it existed after the original sentencing hearing. The court concluded there were insufficient grounds to impose extra confinement, but stated it wanted to ensure that Mr. Williamson would not reoffend so additional supervision was appropriate. Later in the proceeding, the prosecutor rephrased the court's rationale, stat-

---

144 months, but the maximum sentence was 10 years, or 120 months. Washington Sentencing Guidelines Comm'n, *Implementation Manual* § III, at 25 (1989).

[4]The judge who convicted and originally sentenced Mr. Williamson had retired from the bench. A different judge resentenced Mr. Williamson on remand.

[5]At the time of resentencing, Mr. Williamson had served 21 months and 11 days. With credit for good time earned, his confinement ended upon resentencing.

[6]Neither Mr. Williamson nor the State question the court's authority to impose an exceptional term of community placement. Division Two has held that trial courts have such authority, *State v. Guerin*, 63 Wn. App. 117, 121, 816 P.2d 1249 (1991), *review denied*, 118 Wn.2d 1015 (1992). We specifically do not reach that issue.

ing: "I need to prepare findings and [I am] presuming the finding [is] abuse of position of trust for purposes of the exceptional sentence, . . .". Defense counsel asked for clarification and the court then stated:

> There was a position of trust with [the victim] in this case. It's appropriate to insure that this type of conduct does not occur again with [the victim] or any other youngster. It justifies the Court in placing him on community supervision for a period of three years.

The court, however, did not elaborate as to the particular position of trust which was abused.

The prosecutor later presented written findings as to the exceptional sentence. The finding that Mr. Williamson had abused a position of trust now explicitly stated that he had been acting as a baby-sitter when the offense occurred. The court entered the following justification for the exceptional sentence:

### FINDING OF FACT
> The defendant, Elbert Williamson, was acting in the position of babysitter when the child molestation of [the victim] occured [sic]. That therefore, he was in a position of trust over her at that time, and abused that position of trust. That to protect the community from further child molestation by the defendant a longer term of community placement than one year is warranted.

### CONCLUSIONS OF LAW
> Substantial and compelling reasons, as enumerated above, justify a sentence above the standard range sentence of 21-27 months, plus one year of community placement. The defendant is hereby sentenced to 27 months['] confinement, to be followed by three years of community placement[.]

■■ This court reviews the written findings and conclusions entered by the court. *See State v. Batista*, 116 Wn.2d 777, 792, 808 P.2d 1141 (1991). The trial court's oral opinion may be used to clarify the formal findings when necessary, but it is not itself a finding of fact. *State v. Kingman*, 77 Wn.2d 551, 552, 463 P.2d 638 (1970). When the reasons supplied by a sentencing court for an exceptional sentence are clearly erroneous based on the factual record before it, the sentence must be reversed. RCW 9.94A.210(4)(a); *State v. Nordby*, 106 Wn.2d 514, 517-18, 723 P.2d 1117 (1986).

Here, at the prosecutor's insistence, the court entered an unambiguous finding that Mr. Williamson "was acting in the position of babysitter" when he molested the victim. It further found he was, therefore, "in a position of trust over her at that time, and abused that position of trust". The court's specific finding of fact that Mr. Williamson was a baby-sitter and abused that particular position of trust is not supported by the record. It directly contradicts the original trial court's determination that Mr. Williamson was not a baby-sitter.

■ The State now attempts to base the exceptional sentence upon the court's oral statements and Mr. Williamson's position as the child's stepgrandfather. The same prosecutor represented the State throughout these proceedings; she was aware of the original trial court's determination and argued at the first sentencing hearing for a finding of abuse of trust based on Mr. Williamson's stepgrandfather relationship with the victims, and not upon his role as baby-sitter. Yet, she proposed a contradictory finding at resentencing and the court adopted it. The State cannot now avoid the consequences of that unsupported finding of fact; it is clearly erroneous.[7]

We reverse and remand for resentencing. The court is directed to impose a 1-year term of community placement as required by RCW 9.94A.120(8)(a).

SWEENEY, A.C.J., and MUNSON, J., concur.

---

[7]To the extent the exceptional sentence is based on an implied finding of future dangerousness, it must also be reversed because that reason is not supported by the record. *See State v. Pryor*, 115 Wn.2d 445, 799 P.2d 244 (1990).