[No. 13122-0-III.    Division Three.    January 26, 1995.]

THE STATE OF WASHINGTON, *Appellant*, v. WANDRA
BAUCHAM, *Respondent*.

---

*James Nagle, Prosecuting Attorney*, and *James R. Reierson, Deputy*, for appellant.

*Rachel Levy*, for respondent.

THOMPSON, C.J. — The State of Washington appeals the below range exceptional sentence imposed on Wandra Baucham following her guilty plea to possession of cocaine with intent to deliver. It contends the trial court did not have substantial and compelling reasons to justify the sentence as required by RCW 9.94A.120(2).[1] We affirm.

On June 15, 1992, correctional officers of the Washington State Penitentiary confiscated four balloons containing cocaine from Ms. Baucham. She was at the prison to visit in-

---

[1] RCW 9.94A.120(2) provides:

"The court may impose a sentence outside the standard range for that offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence."

mate Robert Johnson. The balloons of cocaine were secreted in her shoes. Ms. Baucham told the officers it was the first time she attempted to bring narcotics to Mr. Johnson, who was serving a sentence for aggravated murder. The two had lived together for approximately 2¹/₂ years prior to Mr. Johnson's incarceration in July 1990.

Ms. Baucham pleaded guilty to the crime of possession with the intent to deliver cocaine. She had no prior criminal history. With an offender score of zero, the standard sentencing range for this offense is 21 to 27 months. The trial court sentenced Ms. Baucham below the standard range to 12 months of confinement, during which she was eligible for work release. In support of the exceptional sentence, the court entered the following findings of fact:

> 1. Robert Johnson . . . perpetrated a pattern of veiled threats and innuendos against the defendant, which, while not constituting a defense completely, significantly affected Ms. Baucham's conduct in bringing or attempting to deliver cocaine to him. This finding of fact is supported by his own letter to her and by the statements submitted to the court in writing and orally.

> 2. Ms. Baucham had no disposition to commit the offense. Her actions in bringing the cocaine in her shoes and in fully and completely confessing when stopped, coupled with her lack of sophistication in obtaining the cocaine confirms this lack of disposition, as do the statements of friends, family and co-workers.

> 3. Ms. Baucham had lived with Mr. Johnson in a meretricious relationship for more than two years prior to his arrest. Her inability to articulate her fears to the investigating officer and to the presentence writer is consistent with the finding that veiled threats, innuendos and inducements were made and that defendant was not predisposed to criminal activity.

Appellate review of an exceptional sentence is governed by RCW 9.94A.210(4) which provides that a reviewing court may reverse if (a) the reasons supplied by the trial court are not supported by the record or do not justify a sentence outside the range for that offense, or (b) the sentence imposed was clearly excessive or clearly too lenient. *See generally State v. Grewe*, 117 Wn.2d 211, 216, 813 P.2d 1238 (1991); *State v. Moore*, 73 Wn. App. 789, 794, 871 P.2d 642 (1994).

The State contends there was insufficient evidence to support the findings Ms. Baucham acted under duress, coercion, and threat and lacked predisposition to commit the offense.

RCW 9.94A.390(1)(c) provides that the sentencing court may consider certain mitigating factors, one being whether "[t]he defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct". The court's finding Ms. Baucham acted under duress was based on a letter Mr. Johnson sent to her over 6 months *after* she was arrested and charged. In his letter, Mr. Johnson expressed anger that Ms. Baucham was "getting the biggest end of the money when and if the house is sold . . .". The letter goes on to say, "I don't care if I never get out of prison, you're not going to do this to me and get away with it . . .". "You're not going to get aways with me looking like a punk . . .".

At best, the letter raises an inference Ms. Baucham *may* have been harassed or threatened prior to the criminal act. Standing alone, it does not support an exceptional sentence below the standard range. The nexus between Ms. Baucham's criminal act and the subsequent threat is tenuous. There is, however, substantial support in the record for the sentencing court's second reason for imposing the exceptional sentence, lack of predisposition to commit the offense.

The absence of an apparent disposition to commit the offense may be a basis for an exceptional sentence, RCW 9.94A.390(1)(d), even though a defendant's criminal history is one of the components used to compute the presumptive range and, therefore, may not be counted as a mitigating circumstance. *State v. Pascal*, 108 Wn.2d 125, 137, 736 P.2d 1065 (1987) (citing *State v. Nordby*, 106 Wn.2d 514, 518 n.4, 723 P.2d 1117 (1986)). *See also State v. Rogers*, 112 Wn.2d 180, 183, 770 P.2d 180 (1989). The Supreme Court has held the sentencing court may consider the fact a defendant not only has a zero offender score, but also a complete absence of police contacts, an item not already accounted for under the Sentencing Reform Act of 1981. *State v. Nelson*, 108 Wn.2d

491, 498, 740 P.2d 835 (1987). In *Nelson*, the court agreed with the trial court's assessment the defendant's crime was an isolated incident. Thus, the length of incarceration provided in the standard range was not necessary to protect the public. *Nelson*, at 504. *See also State v. Freitag*, 74 Wn. App. 133, 140, 873 P.2d 548 (1994).

Here, Ms. Baucham had no criminal history. She had been steadily employed since 1979 as a supervisor for the Providence Medical Center. She was supporting her minor daughter and grandson. Upon her arrest, Ms. Baucham thoroughly cooperated with the authorities at the Washington State Penitentiary. She explained she obtained the narcotics at a restaurant in north Seattle from a friend of Mr. Johnson whose name she did not know. She did not know the quantity of narcotics in the balloons and no one had advised her how to conceal the narcotics. Ms. Baucham's lack of sophistication in smuggling the narcotics and her otherwise law-abiding life illustrates she was not predisposed to commit the offense and distinguishes her from other first-time offenders. These facts justify the exceptional sentence.

An exceptional sentence may be upheld on appeal even if all but one of the trial court's reasons for the sentence have been overturned. *State v. Gaines*, 122 Wn.2d 502, 512, 859 P.2d 36 (1993) (exceptional sentence upheld where two of three factors invalidated) (citing *State v. Harding*, 62 Wn. App. 245, 813 P.2d 1259, *review denied*, 118 Wn.2d 1003 (1991)). Here, the trial court expressly found Ms. Baucham's lack of predisposition by itself warranted an exceptional sentence below the standard range.

Affirmed.

MUNSON and SWEENEY, JJ., concur.