[No. 13041-0-III.   Division Three.   June 27, 1995.]

THE STATE OF WASHINGTON, *Appellant*, v. DWAYNE LEE POWERS, *Respondent*.

*James R. Reierson, Deputy Prosecuting Attorney*, for appellant.

*Richard G. Wernette, McAdams, Ponti & Wernette*, for respondent.

SCHULTHEIS, J. — After Dwayne Powers pleaded guilty to two counts of delivery of cocaine, the court imposed an exceptional sentence below the standard range: 12 months on each count instead of 36 to 48 months. The State seeks reversal, contending the exceptional sentence is both unjustified and clearly too lenient. We remand.

On February 23, 1990, and again on February 24, Mr. Powers sold cocaine to an undercover police officer. On August 7, 1990, he was charged by information with two counts of delivery of a controlled substance. A warrant was issued for his arrest. Despite numerous efforts to locate Mr. Powers, he was not apprehended until October 16, 1992. After the court denied his motion to dismiss for failure to timely arraign him and bring him to trial, Mr. Powers pleaded guilty to both offenses.

At his sentencing hearing on January 25, 1993, Mr. Powers requested an exceptional sentence below the standard range of 36 to 48 months. Reasons he gave for his request included: the undercover officer got him drunk and talked him into making the sales; he was a first-time offender; he stayed out of trouble during the nearly three years between the offenses and his arrest; he poses no risk to society; he has a wife and infant daughter to support, so confining him for three years would not be cost effective; and the multiple offense policy results in a presumptive sentence that is clearly excessive. The court expressed sympathy, but indicated it did not believe Mr. Powers had provided legally adequate mitigating factors. Because the

court wanted to sentence Mr. Powers to a year in the county jail with work release so he could continue to work and support his family, it postponed sentencing for two weeks and asked defense counsel to do more research and submit additional authority supporting an exceptional sentence below the guidelines.

On February 8, 1993, the court heard additional argument from the parties. Defense counsel cited *State v. Nelson*, 108 Wn.2d 491, 497-98, 740 P.2d 835 (1987) and indicated Mr. Powers had no adult misdemeanor or gross misdemeanor convictions in addition to being free of prior felonies; thus, he argued, the court could deviate from the guidelines. The court accepted *Nelson* as authority for the proposition it could "impose a sentence that is outside the standard sentencing range if in broad terms the Court believes that the standard range sentence is either excessively high or excessively low".

The court then explained why it had decided to impose an exceptional sentence below the guidelines:

> The fact of the matter is I believe that to sentence him, considering what he did in this case under these facts three years later to thirty-six months in the Department of Corrections is not a good choice or use of our state resources and not an appropriate sentence in this case.
>
> That doesn't give the stamp of approval to what he did. That does not mean I think he is any less culpable. Just in looking at the cases that come before me on a daily basis, I just don't think this one warrants a thirty-six month sentence, even though that's what the guidelines impose.
>
> So what I'm going to do is this. And, I guess, I will leave it up to the State whether they want to pursue their options. I think the only way to get appellate review and see if this type of reasoning is going to hold up is to impose a sentence below the standard range, and then if the State wishes to seek review of that, they are entitled to do that.

The court departed from the guidelines and imposed concurrent 12-month sentences.

The court adopted Mr. Powers' proposed findings and conclusions:

## I. FINDINGS OF FACT

1. That the Defendant has no prior felony criminal history.

2. That the Defendant on January 11, 1993 pled guilty to two counts of Delivery of Cocaine, the offenses having occurred on February 23 and 24, 1990. That during this approximate three year period from the commission of the offenses to the guilty pleas, the Defendant has been free of criminal conviction or arrest other than for those charges of which he has pled guilty in this cause. Defendant has been substantially employed in construction throughout the three year period. Defendant has an infant child and wife [both] of whom are solely dependent on the Defendant for support. The three year period has allowed the Defendant an opportunity to improve himself by having an opportunity to continue with his employment, earn income, and be free of any criminal conviction or arrest.

3. That a sentence within the standard sentence range of 36 to 48 months is not necessary to protect the public in that the Defendant has been free of any criminal convictions or arrest since the offenses committed on February 23 and 24, 1990 and given that three year period, it is likely the Defendant will be crime free for the reasonable foreseeable future.

4. That the imposition of a sentence within the standard sentence range would not only require considerable expense to the State to incarcerate the Defendant, but it will also likely result in the Defendant's wife and child being placed on State public assistance which is not a frugal use of the State's resources.

## II. CONCLUSIONS OF LAW

[Handwritten interlineation] That the reasons set forth above are substantial and compelling to justify an exceptional sentence.

1. That the Court should ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history. The Court should promote respect for the law by providing punishment which is just. That the imposition of a standard sentence range in this case is not necessary to protect the public. The Defendant has already had an opportunity within the three year period from the date of the offense to the guilty plea to improve himself. The Court also wishes to make frugal use of the State's resources.

2. That the operation of the multiple offense policy of RCW 9.94A.400 results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter as expressed in RCW 9.94A.010.

The State contends the court's reasons do not justify a departure from the guidelines, and the sentence imposed is clearly too lenient.

## STANDARD OF REVIEW

■ Under RCW 9.94A.210(4) this court reviews a sentence below the standard range to determine: (1) under the clearly erroneous standard, are the sentencing court's reasons supported by the record before it; (2) under the question of law standard, do the reasons justify a departure from the standard range for the offense; and (3) under the abuse of discretion standard, is the length of the sentence clearly too lenient. *State v. Allert*, 117 Wn.2d 156, 163, 815 P.2d 752 (1991); *State v. Moore*, 73 Wn. App. 789, 794-95, 871 P.2d 642 (1994). The court's reasons must be "substantial and compelling", must distinguish the particular crime from others in the same category, and must not duplicate factors already considered in computing the standard range. RCW 9.94A.120(2); *State v. Gaines*, 122 Wn.2d 502, 509, 859 P.2d 36 (1993); *Moore*, at 795.

## ANALYSIS

(1) *Factual support for the court's reasons.* That part of finding of fact 4 addressing the likelihood that Mr. Powers' family would end up on welfare is supported only by defense counsel's argument, not by any evidence; it is clearly erroneous. Findings of fact 1 and 2 are supported by the record. Finding of fact 3 is more properly viewed as a conclusion of law. *See State v. Freitag*, 74 Wn. App. 133, 138 n.6, 873 P.2d 548 (1994), *rev'd and remanded*, 127 Wn.2d 141 (1995).

(2) *Adequacy of the court's reasons.* Finding of fact 1 resulted in Mr. Powers' zero offender score; it does not support an exceptional sentence. *State v. Rogers*, 112

Wn.2d 180, 183, 770 P.2d 180 (1989). Condensed, the court's supported factual findings are that Mr. Powers was employed for most of the nearly three years between his commission of the offenses and his arrest, had no criminal convictions or arrests during that period, and has a dependent spouse and child. Based on these facts and Mr. Powers' lack of a criminal record, the court concluded the multiple offense policy of RCW 9.94A.400[1] results in a presumptive sentence that is clearly excessive in light of the purposes of the chapter as expressed in RCW 9.94A.010.

Addressing the purposes of the Sentencing Reform Act of 1981 (SRA) enumerated in RCW 9.94A.010, the court specifically concluded a standard sentence was not required to protect the public, RCW 9.94A.010(4), since the three-year crime-free period indicated a likelihood Mr. Powers would remain crime-free. Nor would it make frugal use of the state's resources, RCW 9.94A.010(6). Using the court's oral opinion to clarify its written findings and conclusions, see State v. Williamson, 72 Wn. App. 619, 623, 866 P.2d 41 (1994), and drawing inferences from its use of the word "should" in conclusion of law 1, we determine the court concluded an exceptional sentence below the standard range would better promote respect for the law by providing just punishment, be more proportionate to the seriousness of the offense and Mr. Powers' criminal history, and encourage Mr. Powers to continue his self-improvement efforts.

The court's reasons, although compassionate, are not supported by its factual findings. The purposes of the SRA are not in and of themselves mitigating circumstances; rather, they may provide support for imposition of an exceptional sentence once a mitigating circumstance has been identified by the trial court. State v. Alexander, 125 Wn.2d 717, 730 n.22, 888 P.2d 1169 (1995). The trial court construed State v. Nelson, 108 Wn.2d 491, 740 P.2d

---

[1]Mr. Powers' presumptive sentence was clearly the result of the multiple offense policy of RCW 9.94A.400. But for the operation of the policy, he would have had a presumptive sentence of 21 to 27 months, instead of 36 to 48 months.

835 (1987) too broadly; the Supreme Court's decision does not confer upon trial courts a general discretion to deviate from the guidelines "if in broad terms the Court believes that the standard range sentence is either excessively high or excessively low". In *Nelson*, at 497-98, the court held the defendant's complete lack of misdemeanors and felonies supported the sentencing court's finding that the defendant lacked the predisposition to commit the offense. Lack of predisposition and inducement by others to commit the crime is listed as a mitigating factor under RCW 9.94A.390, which as a matter of law justifies a nonstandard sentence.

■ Because Mr. Powers pleaded guilty to both offenses, the record is inadequate to determine whether the circumstances of his crimes distinguished them from others in the same category. For example, a downward departure may be permissible if his crimes involved only "extraordinarily small amounts" of cocaine. *Alexander*, at 726-28. The amount of cocaine involved is not a matter of record. A downward departure is permissible, on grounds that the operation of the multiple offense policy results in a presumptive sentence that is clearly excessive, if the difference between the effects of the first controlled buy and the cumulative effects of both controlled buys was nonexistent, trivial or trifling. *State v. Sanchez*, 69 Wn. App. 255, 261, 848 P.2d 208, *review denied*, 122 Wn.2d 1007 (1993). Finally, the court's reliance on *Nelson* was not misplaced if Mr. Powers lacked the predisposition to deliver cocaine and was induced to do so by others. *See also State v. Baucham*, 76 Wn. App. 749, 752-53, 887 P.2d 909 (1995). The circumstances of the buys are not a matter of record, although Mr. Powers stated at sentencing that the undercover police officer got him drunk and talked him into committing the crimes.

In summary, the court's reason is legally sufficient to justify a departure from the guidelines if it can be supported factually. We do not believe a defendant who takes responsibility for his behavior and pleads guilty should be

deprived of the opportunity for an exceptional sentence below the standard range, merely because the circumstances of his crimes have not been established at trial. Therefore, we remand. On remand, the trial court must determine the circumstances of the offenses and consider Mr. Powers' role in them.

■ If the court again determines a downward departure is warranted, it may impose a sentence of the same duration. An appellate court will not reverse an exceptional sentence on the basis of its length unless it is clearly unreasonable, *State v. Stephens*, 116 Wn.2d 238, 245, 803 P.2d 319 (1991). Considering that other cases[2] have upheld sentences of 90 days and 12 months, when the standard range was 31 to 41 months, the sentence is not clearly too lenient.

Remanded.

THOMPSON, C.J., and SWEENEY, J., concur.

---

[2]*State v. Pascal*, 108 Wn.2d 125, 736 P.2d 1065 (1987); *State v. Nelson, supra.*