940 P.2d 633 (1997)
132 Wash.2d 834
STATE of Washington, Respondent,
v.
Anzala HA'MIM, Petitioner.
No. 64315-6.
Supreme Court of Washington, En Banc.
Argued March 25, 1997.
Decided July 24, 1997.
*634 Nielson & Acosta, David Koch, Erick Nielson, Seattle, for petitioner.
Norm Maleng, King County Prosecutor, Howard Schneiderman, Deputy, Seattle, for respondent.
GUY, Justice.
After Anzala Ha'mim was convicted of first degree robbery, the trial court imposed an exceptional sentence below the standard range set by the Sentencing Reform Act of 1981 because Ha'mim had no prior contacts with the police and because she was 18 years old when she committed the crime. The Court of Appeals reversed and remanded to the trial court for resentencing. We affirm the Court of Appeals and remand for resentencing in light of this decision.

FACTS
On May 1, 1994, Anzala Ha'mim, her twin sister, and a male companion went into a hair salon in Seattle. Joseph Baril and Hon Nan Yan were in the front of the shop. Anzala Ha'mim pulled a .38 caliber revolver from her coat and pointed it at Hon Nan Yan and ordered her into the back of the shop. King Fai Yan, Hon Nan Yan's brother, was in the back and Ha'mim pointed the gun at him and ordered him to the floor. With the gun pointed at his head, she took his wallet from his back pocket.
Meanwhile, in the front of the shop, the male companion demanded money from Mr. Baril who is hearing impaired and unable to hear the instructions. Mr. Baril ordered the male companion out of the salon. Anzala Ha'mim came out of the back and pointed the gun at Mr. Baril when Mr. Baril refused to permit the male companion access to the cash register. King Fai Yan came to the front of the shop and both he and Mr. Baril struggled with Anzala Ha'mim. The gun went off and fired through the salon's plate glass window. Anzala Ha'mim's twin sister and the male companion ran out of the salon. Anzala also tried to flee, but Mr. Baril held her until the police arrived. The entire robbery was filmed by the salon's video camera.
The State charged Anzala Ha'mim with robbery in the first degree of King Fai Yan and attempted robbery in the first degree of Joseph Baril, alleging both were committed while she was armed with a deadly weapon. Ha'mim pled guilty to first degree robbery and admitted to being armed with a deadly weapon. Pursuant to the plea agreement, the State dismissed the attempted robbery charge. Ha'mim had an offender score of zero. The standard sentencing range, including the (24 month) deadly weapon enhancement, was 55 to 65 months.
Ha'mim was 18 years old when she committed the robbery. She requested an exceptional sentence below the standard range based upon her youth and her absence of any prior police contacts. Defense counsel argued that her lack of prior contacts with the police showed she had "no predisposition to commit the crime." The State did not dispute the fact that the Defendant had no known prior convictions or arrests.
At the initial sentencing hearing, Ha'mim told the judge that she had committed the robbery under duress and coercion in that she had been forced by a male co-conspirator to rob the salon. The sentencing judge ruled that there had been no showing of coercion or duress but continued the matter to allow the defense time to see if there was any other legitimate basis for an exceptional sentence.[1]
At the second sentencing hearing, the judge said she was taking into account the Defendant's age and the fact she had no prior offenses in imposing an exceptional sentence *635 below the standard range. Defense counsel clarified that the judge was not accepting the coercion argument but was finding that the lack of any "predisposition" to commit the crime, based on lack of any prior contact with the police, and the Defendant's youth were mitigating circumstances. The findings of fact for the exceptional sentence state:
1. The Court finds as a mitigating factor that the defendant is young, being only 18 years old at the time of this offense;
2. The Court finds as a mitigating factor that, pursuant to State v. Freitag, 74 Wash.App. 133, 873 P.2d 548 (1994),[[2]] the defendant's lack of prior contacts with the police[[3]] show[s] no apparent disposition to commit this crime.
3. The court expressly rejects any claim of mitigation by the defendant that she committed this crime under duress, coercion, threat or compulsion.
Clerk's Papers at 25. Based on these findings, the court imposed an exceptional sentence of 31 months which is a departure from the standard range of 55 to 65 months.
The State appealed the imposition of the exceptional sentence. The Court of Appeals reversed, finding neither reason given by the sentencing judge justified a sentence outside of the standard range. Because the opinion upon which the trial court had relied had been reversed after Ha'mim's sentencing, the Court of Appeals did not mandate imposition of a standard range sentence but gave the trial court an opportunity to reevaluate the exceptional sentence in light of State v. Freitag, 127 Wash.2d 141, 896 P.2d 1254 (1995). State v. Ha `mim, 82 Wash.App. 139, 916 P.2d 971, review granted, 130 Wash.2d 1007, 928 P.2d 413 (1996).
We accepted review and now affirm the decision and the sentencing remand order of the Court of Appeals.

ISSUES
Does the lack of any misdemeanors or juvenile offenses in the Defendant's record constitute a proper reason to justify the imposition of an exceptional sentence below the standard range set by the Sentencing Reform Act of 1981(SRA)? Is the fact that the Defendant was 18 years old at the time of the crime a reason justifying an exceptional sentence below the standard range?

DISCUSSION
A court must generally impose a sentence within the standard sentence range established by the SRA for the offense. RCW 9.94A.120(1). However, there are some exceptions to this general rule. RCW 9.94A.120. The SRA authorizes judges to impose sentences outside the standard range if, considering the purposes[4] of the SRA, "there *636 are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.120(2); State v. Ritchie, 126 Wash.2d 388, 391, 894 P.2d 1308 (1995).
Appellate review of an exceptional sentence is governed by RCW 9.94A.210(4). An appellate court analyzes the appropriateness of an exceptional sentence by answering the following three questions under the indicated standards of review:
1. Are the reasons given by the sentencing judge supported by evidence in the record? As to this, the standard of review is clearly erroneous.
2. Do the reasons justify a departure from the standard range? This question is reviewed de novo as a matter of law.
3. Is the sentence clearly too excessive or too lenient? The standard of review on this last question is abuse of discretion. RCW 9.94A.210(4); State v. Branch, 129 Wash.2d 635, 645-46, 919 P.2d 1228 (1996); State v. Allert, 117 Wash.2d 156, 163, 815 P.2d 752 (1991).
The focus in this case is on the second question above, that is, whether the reasons givenyouth and lack of a prior criminal or juvenile recordjustify departure. Therefore, our review is de novo.
In determining whether a factor legally supports departure from the standard sentence range, this Court employs a two-part test: first, a trial court may not base an exceptional sentence on factors necessarily considered by the Legislature in establishing the standard sentence range; second, the asserted aggravating or mitigating factor must be sufficiently substantial and compelling to distinguish the crime in question from others in the same category. State v. Alexander, 125 Wash.2d 717, 725, 888 P.2d 1169 (1995).
We accepted review of Defendant Ha'mim's case partially because of a conflict between the divisions of the Courts of Appeals on the issue of whether the portion of a defendant's prior criminal history which is not used to determine his or her offender score can be used by a sentencing court as a factor to impose an exceptional sentence below the standard range. Compare State v. Baucham, 76 Wash.App. 749, 887 P.2d 909 (1995) with Ha'mim, 82 Wash.App. 139, 916 P.2d 971. We also recognized that there is apparent inconsistency between this Court's cases on this issue. Compare Freitag, 127 Wash.2d 141, 896 P.2d 1254 with State v. Nelson, 108 Wash.2d 491, 740 P.2d 835 (1987).
In reversing the trial court's decision in this case, the Court of Appeals correctly relied on our recent case of Freitag, 127 Wash.2d 141, 896 P.2d 1254. In Freitag, the trial court imposed an exceptional sentence below the standard range after Angela Freitag pled guilty to vehicular assault while driving under the influence of alcohol. One of the factors the court relied on was her complete "lack of criminal history." The Court of Appeals considered that in addition to having a zero offender score, Ms. Freitag also had no prior offenses that had "washed out," no misdemeanors, and no juvenile record. The court affirmed the trial court and held that Ms. Freitag's "complete lack of any police contacts whatsoever" justified a departure downward from the standard range. State v. Freitag, 74 Wash.App. 133, 140-41, 873 P.2d 548 (1994), rev'd, 127 Wash.2d 141, 896 P.2d 1254 (1995). We accepted review and issued an opinion reversing the Court of Appeals. We stated:
[W]e consistently have held that lack of criminal history is an insufficient ground for sentencing below the standard range since the Legislature specifically considered criminal history when establishing standard sentencing ranges. "Because criminal history is one of the components used to compute the presumptive range for an offense, it may not be used as a mitigating factor." State v. Rogers, 112 Wash.2d 180, 183, 770 P.2d 180 (1989) (citing State *637 v. Pascal, 108 Wash.2d 125, 137, 736 P.2d 1065 (1987)).
Freitag, 127 Wash.2d at 144, 896 P.2d 1254.
Both the majority and the dissenting opinions in the Court of Appeals Freitag case had relied upon this Court's opinion in Nelson, 108 Wash.2d 491, 740 P.2d 835. However, our opinion in Freitag did not cite or discuss the Nelson opinion. We recognize that this failure to distinguish Nelson from Freitag has caused confusion. Ha'mim, 82 Wash.App. at 143, 916 P.2d 971. The Court of Appeals in the present case has correctly distinguished the Nelson case from the Freitag case and from this case.
In Nelson, the sentencing court relied on the statutory mitigating factor that the defendant, with no apparent predisposition to do so, was induced by others to participate in the crime. RCW 9.94A.390(1)(d); Nelson, 108 Wash.2d at 495, 740 P.2d 835. The trial court made a finding of fact that Mr. Nelson was induced by another to participate in the crimes. Nelson, 108 Wash.2d at 494, 740 P.2d 835. The trial court used the defendant's lack of any prior criminal history (beyond that used to compute the standard range) as evidence to support its conclusion that Mr. Nelson had no prior disposition to commit the robbery. We affirmed the trial court's imposition of an exceptional sentence below the standard range and explained that the other man involved in the robberies had planned the crimes, and that
[t]he complete lack of misdemeanors, beyond the absence of felonies that renders a zero offender score ... is appropriate for the sentencing judge to consider, in that it supports a finding that the defendant lacked the predisposition to commit the crimes.
Nelson, 108 Wash.2d at 498, 740 P.2d 835 (emphasis added). This section, read in isolation, may have misled sentencing courts into believing that the lack of predisposition, alone, can be used as a mitigating factor to impose a sentence below the standard range for a crime. See Baucham, 76 Wash.App. 749, 887 P.2d 909. In the Nelson case, we went on to hold that
[l]ack of predisposition and inducement by others to commit the crime is one of the mitigating factors listed under RCW 9.94A.390. Therefore, as a matter of law, this factor justifies the imposition of a nonstandard sentence.
Nelson, 108 Wash.2d at 499, 740 P.2d 835 (emphasis added). The "lack of predisposition" to commit a crime alone is not a substantial and compelling reason for a court to impose an exceptional sentence below the range the Legislature has set for a given offense. Its relevance lies only in combination with the finding that the defendant was "induced" to commit the crime. The lack of the individual's previous inclination to commit the crime, together with the fact that he or she was induced by someone else to participate in the crime, may reduce the culpability of the defendant; the statutory mitigating circumstance recognizes this and allows sentencing courts to deviate from the standard range set by the SRA. RCW 9.94A.390(1)(d). While the statutory mitigating factors are only illustrative and we may allow other factors to be used in mitigation, the asserted mitigating factor must be sufficiently substantial and compelling to distinguish the crime in question from others in the same category. Alexander, 125 Wash.2d at 725, 888 P.2d 1169. The lack of predisposition alone does not make a defendant less culpable than another defendant who commits the same crime. In sentencing, a court already takes into effect the defendant's offender score to sentence more leniently when a defendant does not have a past criminal record. In specifically delineated cases, the Legislature has allowed for more lenient and flexible sentencing for certain first-time offenders. The lack of "predisposition" is not a factor that may be used as a nonstatutory mitigating factor.
We have held that past history not used to determine the offender score, such as prior juvenile offenses committed before the age of 15, can be used to impose an exceptional sentence above the standard range. McAlpin, 108 Wash.2d at 464, 740 P.2d 824; see also State v. Pirtle, 127 Wash.2d 628, 664, 904 P.2d 245 (1995), cert. denied, ___ U.S. ___, 116 S.Ct. 2568, 135 L.Ed.2d 1084 (1996). Defendant Ha'mim argues that since *638 prior misdemeanors or juvenile offenses can be used to impose an exceptional sentence above the standard range, the lack of such a record should be allowed as a factor to impose a sentence below the standard range. We have repeatedly held that the lack of an aggravating factor does not create a mitigating circumstance. Alexander, 125 Wash.2d at 724, 888 P.2d 1169 (citing State v. Armstrong, 106 Wash.2d 547, 551, 723 P.2d 1111 (1986)).
This Court's cases allowing the consideration of prior misdemeanors to support an exceptional sentence upward finds support in the comments from the Sentencing Guidelines Commission:
The Commission decided not to score misdemeanors for two reasons: 1) the emphasis of the legislation was on felonies, and 2) the reliability of court records varies greatly throughout the state. An exception to this policy was made in the crime of Vehicular Homicide....
The Commission anticipates that in some instances an offender's history of misdemeanors may be used by the court in selecting a sentence within the standard sentence range or in departing from the range to administer an exceptional sentence.
Washington Sentencing Guidelines Comm'n, Implementation Manual § 9.94A.360 cmt. at II-32 (1984) (emphasis added). Nothing in the comments indicates that the lack of misdemeanors should be used as a factor to impose a sentence below the bottom of the standard range. The dissenting judge in the Court of Appeals Freitag decision accurately explains:
The majority presumes the Legislature intended that a "0" offender score assumes some unspecified number of misdemeanor offenses which defendants would have, and accordingly, the absence of that mysterious number would be grounds for an exceptional sentence.
. . . .
A brief review of the statutory mitigating circumstances, RCW 9.94A.390(1), will demonstrate their absence does not establish an aggravating circumstance. Likewise, review of the aggravating circumstances, RCW 9.94A.390(2), will demonstrate that their absence does not establish a mitigating circumstance.... There is no such logical corollary. To hold that uncounted misdemeanors may become an aggravating factor is inconsistent with treating the lack thereof as a mitigating circumstance only if you assume that a "0" offender score does not include a complete absence of convictions. If the majority's position that the complete absence of misdemeanors constitutes a mitigating circumstance because the "0" offender score is to be understood as embracing some unspecified number of misdemeanors, then reliance on the presence of such misdemeanors as an aggravating circumstance would be incorrect.
Freitag, 74 Wash.App. at 152-53, 873 P.2d 548 (Forrest, J., dissenting) (footnotes omitted). Our holding in Freitag is congruent with Judge Forrest's analysis.
The Defendant argues that someone with no previous history of any criminal activity should be eligible for an exceptionally reduced sentence for their first crime. The problem with this argument is that the Legislature did allow exceptional sentences for some first-time offenders and Defendant Ha'mim did not qualify for such leniency. RCW 9.94A.120(5). This "first-time offender" option allows the sentencing court to waive the imposition of a standard range sentence and impose a more lenient sentence. The SRA excludes those who commit violent offenses from the first-time offender waiver provision, and robbery in the first degree is defined as a violent offense. RCW 9.94A.030(22)(a)(i); RCW 9.94A.030(38)(a); RCW 9A.56.200. Therefore, under the SRA, Defendant Ha'mim was ineligible for a first-time offender waiver. We conclude that it would violate the intent of the SRA to allow an exceptional sentence, based essentially on the fact that the Defendant is a first-time offender, when the SRA specifically disallows a first-time offender sentencing option in a case where the first crime is a violent one.
Defendant Ha'mim next argues that the youth of a defendant should be considered as a mitigating circumstance for the purpose of *639 imposing an exceptional sentence below the standard range because young people tend to exercise poor judgment.
The State asks this Court to rule, as a matter of law, that age alone is not a substantial and compelling reason justifying an exceptional sentence. The State argues that the factors that mitigate sentences under the SRA are limited to two types: where the facts of the crime itself are less serious than typical for that crime; or where the defendant is less culpable because of outside influences on the defendant's judgment. See RCW 9.94A.390; David Boerner, Sentencing in Washington § 2.5(a), at 2-33 (1985). We decline to hold that age alone may be used as a factor to impose an exceptional sentence outside of the standard range for the crime.
The SRA does not list age as a statutory mitigating factor. The Act does include a factor for which age could be relevant. RCW 9.94A.390 provides a non-exclusive list of illustrative factors a court may consider when imposing an exceptional sentence and includes as a mitigating factor that the defendant's capacity to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law was significantly impaired. RCW 9.94A.390(1)(e). However, no such finding was made in Ha'mim's case. There is no evidence in the record that the Defendant's capacity to appreciate the wrongfulness of her conduct or to conform it to the requirements of the law were in any way impaired.
In the context of RCW 9.94A.390(1)(e), the Court of Appeals has rejected a 17-year-old's argument that his youth should have been considered in sentencing. State v. Scott, 72 Wash.App. 207, 218-19, 866 P.2d 1258 (1993), aff'd, Ritchie, 126 Wash.2d 388, 894 P.2d 1308. The Scott opinion states:
Scott asserts that his youth, 17 years old at the time of the crime, limited his "capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law," RCW 9.94A.390(1)(e), and thus, the exceptional sentence [above the standard range] was improper. This argument borders on the absurd.
Granted, teenagers are more impulsive than adults and lack mature judgment. However, Scott's conduct cannot seriously be blamed on his "lack of judgment", as he contends. Premeditated murder is not a common teenage vice.
Scott, 72 Wash.App. at 218-19, 866 P.2d 1258 (footnote omitted).
The mitigating factors listed in the SRA are only illustrative, and a court may use a nonstatutory factor which is mitigating to justify imposing a more lenient sentence than set by the standard range. However, such a factor must be both substantial and compelling, and the age of a young adult defendant is not alone such a factor.
RCW 9.94A.340 provides that "[t]he sentencing guidelines ... apply equally to offenders in all parts of the state, without discrimination as to any element that does not relate to the crime or the previous record of the defendant." The age of the defendant does not relate to the crime or the previous record of the defendant. We conclude that the Court of Appeals was correct in holding that Defendant Ha'mim's age is not alone a substantial and compelling reason to impose an exceptional sentence.
The general rule is that if the appellate court determines that all of the factors relied upon by the trial court are insufficient to justify an exceptional sentence, the court will remand for resentencing within the standard range. State v. Batista, 116 Wash.2d 777, 793-94, 808 P.2d 1141 (1991); Allert, 117 Wash.2d at 170, 815 P.2d 752. However, where the appellate court determines that the trial court misconstrued and misapplied the law, aside from the question of the sufficiency of the reasons given for an exceptional sentence, the court may reverse and remand for resentencing in accord with the legal principles stated in the court's opinion. Batista, 116 Wash.2d at 793-94, 808 P.2d 1141; State v. Stewart, 72 Wash.App. 885, 891, 866 P.2d 677 (1994), aff'd, 125 Wash.2d 893, 890 P.2d 457; see also State v. Collicott, 118 Wash.2d 649, 669, 827 P.2d 263 (1992); State v. Powers, 78 Wash.App. 264, 271-72, 896 P.2d 754 (1995).
*640 In this case, the sentencing court relied upon the Court of Appeals Freitag opinion which was reversed by this Court after the trial court's ruling. The trial court has therefore not had an opportunity to consider Ha'mim's sentence in light of this Court's Freitag decision. There is evidence in this record[5] from which the trial court might have concluded that the Defendant was "induced to commit the crime" which, together with the finding of lack of predisposition, would satisfy the statutory mitigating factor of RCW 9.94A.390(1)(d) and hence justify an exceptional sentence below the standard range. We therefore affirm the Court of Appeals and remand for resentencing in light of this opinion.
DURHAM, C.J., and DOLLIVER, SMITH, ALEXANDER and TALMADGE, JJ., concur.
MADSEN, Justice (dissenting).
I disagree with the majority of this court which finds that an exceptional sentence below the standard range is not warranted based on a lack of any prior contact with the police. Once again the court refuses to recognize nonstatutory factors justifying an exceptional sentence downward, closing the door on the exercise of trial court discretion. As I noted in my dissent in State v. Freitag, 127 Wash.2d 141, 896 P.2d 1254 (1995), this court has consistently allowed departures from the standard sentencing range upward using nonstatutory aggravating circumstances. However, when examining an exceptional sentence downward, this court has on only few occasions upheld such a departure, absent a statutory mitigating factor, despite the Sentencing Reform Act's (SRA) clear intent to the contrary. Id. at 146-49, 896 P.2d 1254.
The majority indicates that the only time a lack of police contacts can be considered when justifying a downward sentence is pursuant to RCW 9.94A.390(1)(d), which allows a judge to depart from the sentencing guidelines where "[t]he defendant, with no apparent predisposition to do so, was induced by others to participate in the crime." However, I am troubled that in addition to refusing to recognize circumstances warranting a decreased sentence outside those allowed by statute, the court is now adding requirements to the statutory mitigating factors which are not contained in the statute. Nowhere in RCW 9.94A.390(1)(d) does it indicate a defendant must show a lack of prior police contacts to show he or she, with no apparent predisposition to commit the crime, was induced by others to participate. A defendant may have a record of police contacts but not be predisposed to commit a particular crime. A lack of prior contacts should not be grafted onto the statutory mitigating factors and, instead, should be considered independently by judges in departing downward from a standard sentence.
Although the Legislature provides judges with the authority to impose a downward sentence based on mitigating factors, this court consistently finds their reasons for doing so to be unjustified. In creating sentencing ranges, the Legislature had in mind a "typical" crime. The SRA contemplates departure from the range, both upward and downward, reflecting the Legislature's determination that some crimes are "atypical," justifying a more stringent or lenient sentence based on mitigating circumstances. Thus, it is just as important for judges to be able to depart downward, when justified, as it is for them to depart upward. "Imposing a penalty which is within the standard range but unduly harsh, considering the circumstances of a case, does not `[p]romote respect for the law by providing punishment which is just.'" State v. Nelson, 108 Wash.2d 491, 502, 740 P.2d 835 (1987) (quoting RCW 9.94A.010(2)).
Quoting our recent decision in Freitag, the majority explains that "`lack of criminal history is an insufficient ground for sentencing *641 below the standard range since the Legislature specifically considered criminal history when establishing standard sentencing ranges.'" Majority at 636 (quoting Freitag, 127 Wash.2d at 144, 896 P.2d 1254). This statement is based on the fact that "`criminal history is one of the components used to compute the presumptive range for an offense.'" Id. (quoting Freitag, 127 Wash.2d at 144, 896 P.2d 1254). Using this reasoning to support the ultimate conclusion that a lack of police contacts cannot be taken into account in giving an exceptional sentence downward, however, is not supportable because, as this court pointed out in Nelson, the standard range does not take a complete absence of police contacts into account. Nelson, 108 Wash.2d at 498, 740 P.2d 835. Thus, it follows from Nelson that the standard range for a zero offender score only encompasses counted convictions, and does not take into account the complete lack of police contacts.
While the court allows past history not used to determine the offender score, such as prior juvenile offenses committed before the age of 15 and prior misdemeanors, to impose an exceptional sentence above the standard range it refuses to allow the lack of such a record to be allowed as a mitigating factor to depart downward from the standard range. The majority reasons that "[w]e have repeatedly held that the lack of an aggravating factor does not create a mitigating circumstance." Majority at 638 (citing State v. Alexander, 125 Wash.2d 717, 724, 888 P.2d 1169 (1995)). Of course, though, the lack of an aggravating factor can create a mitigating circumstance if it is sufficiently substantial and compelling to distinguish the crime in question from others in the same category. Alexander, 125 Wash.2d at 725, 888 P.2d 1169. Thus, this statement by the majority cannot dispose of the inquiry.
The majority also states that nothing in the comments from the Sentencing Guidelines Commission indicates a lack of misdemeanors should be used as a factor to impose a sentence downward. However, in Nelson, this court found those same comments, noted by the majority here, showed the drafters of the statute realized that a "complete lack of misdemeanors ... is appropriate for the sentencing judge to consider, in that it supports a finding that the defendant lacked the predisposition to commit the crimes." Nelson, 108 Wash.2d at 498, 740 P.2d 835. The court in Nelson went on to explain that this "position is consistent with the goal of the SRA, which is to treat people equally, considering their crimes and past history." Id. Thus, treating a "person who has no record at all ... on par with the person who has an extensive misdemeanor record," the court concluded, violates the SRA's goal of equality. Id.
Additionally, relying on Nelson, the Court of Appeals in State v. Baucham, 76 Wash. App. 749, 752, 887 P.2d 909 (1995), held that the sentencing court may take into consideration not only that the defendant has a zero offender score, but also that the offender has "a complete absence of police contacts, an item not already accounted for under the Sentencing Reform Act of 1981." The court upheld Baucham's exceptional sentence downward based on the fact that Baucham had no criminal history, was steadily employed, and was supporting her minor daughter and grandson. Id. at 753, 887 P.2d 909. The court also particularly noted the defendant's lack of sophistication in smuggling the narcotics. Id. This, coupled with Baucham's otherwise law abiding life, the court stated, distinguished her from other first time offenders. Id.
Likewise, I agree that a lack of police contacts may be the basis of an exceptional sentence downward. Once it has been determined that a particular factor may justify a departure from the standard range the decision to grant an exceptional sentence is reviewed based on an abuse of discretion standard. See State v. Branch, 129 Wash.2d 635, 645-46, 919 P.2d 1228 (1996). Although reasonable minds may differ as to whether the lack of prior contacts in conjunction with other facts surrounding this case warrant a downward sentence, I cannot say that the trial judge has abused her discretion imposing an exceptional sentence in this case.
JOHNSON and SANDERS, JJ., concur.
NOTES
[1] The transcript of the first sentencing hearing is not part of the record, as the court's finding on duress and coercion was not appealed.
[2] As discussed below, the Court of Appeals Freitag opinion was reversed by this Court. State v. Freitag, 127 Wash.2d 141, 896 P.2d 1254 (1995).
[3] Although the trial court found that the Defendant had no "prior contacts with the police," the relevant fact is that she had no misdemeanor convictions or adjudications of juvenile offenses. Aside from the difficulty of proof of whether there had been "prior contacts with police," the lack of "contacts" with the police does not warrant an exceptional sentence. The problem with such a mitigating circumstance is that then the presence of "prior contacts" would disallow such a mitigating factor, which would run afoul of our existing law. See State v. McAlpin, 108 Wash.2d 458, 466-67, 740 P.2d 824 (1987) (the Sentencing Reform Act of 1981 bars the court from considering unproven or uncharged crimes as a reason for imposing an exceptional sentence). The issue is whether the lack of prior criminal or juvenile history (aside from any history used to compute the offender score) can be used by a sentencing court as a factor to justify an exceptional sentence below the standard range. At oral argument, defense counsel agreed that the issue was not whether lack of "prior police contacts" would justify a lenient sentence but whether the lack of criminal history could be used as a mitigating factor justifying an exceptional sentence.
[4] RCW 9.94A.010 provides:

"The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences, and to add a new chapter to Title 9 RCW designed to:
"(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
"(2) Promote respect for the law by providing punishment which is just;
"(3) Be commensurate with the punishment imposed on others committing similar offenses;
"(4) Protect the public;
"(5) Offer the offender an opportunity to improve him or herself; and
"(6) Make frugal use of the state's resources."
[5] The sentencing hearing contains some allegations about a co-conspirator's prior assaults and threats to the Defendant and her sister. While the sentencing court found that the behavior did not rise to the level of coercion or duress, the court might have found that the Defendant was induced to commit the crimes by the co-conspirator. Compare RCW 9.94A.390(1)(c) with 9.94A.390(1)(d). Whether there was inducement is not possible to determine from the record since credibility is the issue.