[No. 20680-7-III.   Division Three.   October 29, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID S. LEWIS, *Appellant*.

*Susan M. Gasch*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

BROWN, C.J. — David Lewis, a juvenile, pleaded guilty to one count of second degree escape. Declaring a standard range disposition of 28 days to be a manifest injustice, the juvenile court imposed 127 weeks of confinement. We consider as a matter of first impression whether a juvenile court may impose a manifest injustice disposition for second degree escape. It can. In the unpublished portion of this opinion, we decide whether the juvenile court considered appropriate factors when deciding its manifest injustice disposition. It did. Accordingly, we affirm.

## FACTS

The State charged 15-year-old David Lewis with one count of second degree escape in connection with his flight from a detention work crew. Mr. Lewis signed a statement on plea of guilty acknowledging his guilt. The plea form stated that the standard range sentence would be 28 days detention. Mr. Lewis initialed a portion of the plea form informing him the State would move for a manifest injustice sentence, which it did that day.

The State argued a manifest injustice disposition was appropriate partly because of Mr. Lewis's history of sexual misconduct and his high risk of reoffense. The State asked for a disposition confining Mr. Lewis until age 18. The State supported its motion with documentation outlining Mr. Lewis's criminal history and history of sexual deviancy.

In response, Mr. Lewis generally argued the juvenile court cannot impose a manifest injustice disposition for second degree escape. Specifically, Mr. Lewis argued escape fell outside the sentencing grid for other juvenile offenses and was limited to a statutory disposition of 28 days.

Two probation officers and one of Mr. Lewis's treatment providers testified in support of the State at the disposition hearing. After entering its findings of fact and conclusions of law, the juvenile court ordered a manifest injustice disposition for 127 weeks. We granted accelerated review.

## ANALYSIS

### Propriety of Manifest Injustice Disposition

The issue is whether it is statutorily permissible to impose a manifest injustice disposition for second degree escape. This is an issue of first impression.

Mr. Lewis's proposition that a manifest injustice disposition cannot be imposed for second degree escape involves statutory interpretation, which is a question of law reviewed de novo. *City of Seattle v. Burlington N. R.R.*, 145

Wn.2d 661, 665, 41 P.3d 1169 (2002). In interpreting a statute, this court's primary goal is to ascertain the intent of the legislature. *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Absent ambiguity, this court determines the plain meaning of the statute "from all that the Legislature has said in the statute . . . which disclose[s] legislative intent about the provision in question." *Id.* at 11. If the plain meaning inquiry shows the existence of an ambiguity, this court may construe the meaning of the statute with the aid of other sources of interpretation, such as legislative history. *Id.* at 12.

■ The Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW, governs juvenile disposition standards. The JJA ranks juvenile offenses from category A+ (i.e., murder 1 and 2) to category E (i.e., reckless driving). RCW 13.40.0357. The juvenile court ordinarily determines the standard range from a sentencing grid that encompasses those categories. *Id.* Categories A+ and A have a set standard range regardless of prior adjudications. *Id.* But the standard range dispositions for offense categories A- through E take into account the juvenile's prior adjudications. *Id.*

Here, Mr. Lewis pleaded guilty to second degree escape, RCW 9A.76.120. Under the JJA, second degree escape is classified as a C category offense. RCW 13.40.0357. But the standard range for first and second degree escape is not set by way of the sentencing grid. Instead, the JJA sets forth a separate standard for those two offenses depending on the number of escapes or attempted escapes over a 12-month period. RCW 13.40.0357.

Consequently, if the juvenile has been adjudicated guilty of first or second degree escape, he or she is given a four-week sentence if it is his or her first escape, or escape attempt, over the past 12 months. RCW 13.40.0357. The confinement rises to eight weeks if there have been two escapes or attempts during the same period. *Id.* And the confinement increases to 12 weeks in the case of three or more escapes or attempts. *Id.* Significantly, this standard

range applies for both first and second degree escape. *Id.* And, the number of prior adjudications, apart from earlier escapes during the prior 12 months, is irrelevant. *Id.* Here, Mr. Lewis pleaded guilty to what appeared to be his first escape, which resulted in a standard range of four weeks. *Id.*

Mr. Lewis, relying heavily upon *State v. K.E.*, 97 Wn. App. 273, 279, 982 P.2d 1212 (1999), contends the trial court erred in considering Mr. Lewis's prior criminal history as a basis for imposing a manifest injustice sentence. No recorded opinion in this State has considered whether prior offender history can be used as a manifest injustice factor.

*K.E.* is not on point, but it is instructive. There, the juvenile argued his lack of criminal history was a valid factor for a downward manifest injustice sentence for first degree robbery. *Id.* at 279. Under the JJA offender sentencing grid, a 103- to 129-week standard range applies regardless of the juvenile's prior history. *Id.*; *see also* RCW 13-.40.0357. Division One of this court rejected that argument, reasoning that "it would make little if any sense for the legislature to provide that the standard range is the same regardless of the juvenile offender's criminal history and then permit the juvenile court to depart from the standard range based on the juvenile offender's criminal history." *K.E.*, 97 Wn. App. at 281. Accordingly, the *K.E.* court held that where the standard range sentence is the same regardless of the juvenile's offender history, such history, "in and of itself, is not a valid basis for finding that a standard range would result in a manifest injustice and imposing a downward exceptional disposition." *Id.* (citing *State v. Ha'mim*, 132 Wn.2d 834, 845, 940 P.2d 633 (1997)).

Similarly, by placing first and second degree escape outside the sentencing grid, the legislature intended to carve out a special category for those two offenses. Prior adjudications do not affect the disposition for escape 1 and 2, unless the prior adjudications involved either of those offenses during the previous 12 months. Because the legislature specifically limited the prior history consideration for

escape 1 and 2 to prior instances of those offenses, it makes "little if any sense" for it to allow juvenile courts to depart from the standard range solely on the basis of other prior adjudications. *K.E.*, 97 Wn. App. at 281. Consequently, we reason a juvenile's prior offender history, apart from escape or attempted escape occurring within 12 months before the current offense, "in and of itself," is not a valid factor for justifying a manifest injustice disposition. *Id.*

Even so, Mr. Lewis's prior history was not, "in and of itself," a factor in imposing the manifest injustice disposition. *Id.* Here, the juvenile court entered five findings of fact (4, 8, 9, 10 and 11) describing other adjudications dating back to 1998. Findings of fact 5, 6, and 7 related to the adjudication described in finding of fact 4. However, the trial court did not characterize Mr. Lewis's prior criminal history as an aggravating factor. The closest inference to prior offender history was the trial court's statement that Mr. Lewis's behavior had escalated and become more aggressive. In other words, Mr. Lewis's prior history was not a specific factor, but rather factual background supporting the other factors justifying the manifest injustice determination. Accordingly, Mr. Lewis's argument is unpersuasive.

Mr. Lewis also contends the juvenile court erred in considering his general history of violent and sexually motivated misconduct. Again Mr. Lewis argues second degree escape is not amenable to a manifest injustice determination. He cites no authority for his position, other than a fleeting argument to extend the holding of *K.E.* But, *K.E.* merely prohibited listing criminal history as a discrete factor for a category A offense—a mitigating factor in that case. *Id.* at 281. The *K.E.* court did allow consideration of excessive punishment as a mitigating factor. *Id.* at 286. If such consideration supports a mitigating factor, it will support an aggravating factor as well. Moreover, such consideration makes sense in the escape context, particularly if the juvenile has an extensive history of both escape and more dangerous behavior. Accordingly, we conclude Mr. Lewis's contention on this point is unpersuasive as well.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SWEENEY and KURTZ, JJ., concur.