[No. 59000-1.    Department One.    September 3, 1992.]

*In the Matter of the Personal Restraint of*
STEVEN GEORGE FARMER, *Petitioner.*

598

*James E. Lobsenz* and *Carney, Stephenson, Badley, Smith & Spellman,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca J. Roe* and *Pamela Mohr, Deputies,* for respondent.

PER CURIAM. — On June 30, 1992, Department One of this court considered Steven Farmer's personal restraint petition. Mr. Farmer challenges the exceptional 90-month sentence he received for two counts of sexual exploitation of a minor and two counts of patronizing a juvenile prostitute.

Mr. Farmer's exceptional sentence rests on the trial court's findings that he knew or believed he had AIDS when he committed the offenses, that he knew or should have known he might infect with that virus the two minors who were his victims, and that his actions constituted deliberate, cruel, and malicious conduct. *See State v. Farmer,* 116 Wn.2d 414, 419, 805 P.2d 200, 812 P.2d 858 (1991). Mr. Farmer contends that the trial court punished him for additional uncharged crimes, in violation of the "real facts" doctrine of RCW 9.94A.370(2). This issue was raised on direct

appeal but was rejected as "unsupported by citation to authority." *Farmer*, at 433. Mr. Farmer claims he should be permitted to renew the issue in this proceeding because his appellate counsel did in fact cite supporting authority. *See In re Taylor*, 105 Wn.2d 683, 688, 717 P.2d 755 (1986).

■ Mr. Farmer's brief on appeal did cite RCW 9.94A.370 and other statutes to support his argument. Assuming that this was sufficient to preserve the issue, we are nonetheless unpersuaded by the merits of his argument. A defendant's "especially culpable mental state" is a valid aggravating factor notwithstanding the "real facts" doctrine of RCW 9.94A.370(2). *State v. Nordby*, 106 Wn.2d 514, 518-19, 723 P.2d 1117 (1986); *State v. Roberts*, 55 Wn. App. 573, 583, 779 P.2d 732, *review denied*, 113 Wn.2d 1026 (1989). Mr. Farmer's reckless disregard for the lives of juvenile prostitutes is an "especially culpable mental state" and justifies imposition of an exceptional sentence; this remains true even though the conduct also might be an element of an additional uncharged crime.

Mr. Farmer's remaining claims involve a rebuttal witness the State called at the sentencing hearing. Since trial, this witness has recanted part of his testimony and now claims his testimony was prompted by his relationship with a deputy prosecuting attorney.[1]

■ Mr. Farmer first claims the trial court violated his constitutional rights by refusing to continue the sentencing hearing when the State called this witness. Mr. Farmer erroneously assumes this one witness' testimony was essential to the State's request for an exceptional sentence, and his present "recantation" therefore undermines the findings on which that sentence rests. The trial court did not even mention this rebuttal witness in its findings of fact, however. Rather, the trial court's findings are fully supported by testimony of other witnesses regarding statements Mr. Farmer made to them concerning his participation in an

---

[1] The attorney in question did not try Mr. Farmer's case.

AIDS study group several years earlier. This testimony is in no way undermined by the rebuttal witness' present statement. That statement does not say Mr. Farmer was ignorant of his AIDS status when the crimes occurred, but only that the witness did not know if Mr. Farmer was aware of his AIDS status. Mr. Farmer was not, therefore, prejudiced by the trial court's denial of his motion for a midhearing continuance, nor does the alleged "recantation" show his sentence is unlawful. *See* RAP 16.4(c)(3); *In re Williams*, 111 Wn.2d 353, 362-63, 759 P.2d 436 (1988).

■ Finally, with respect to the witness' claimed relationship with the deputy prosecuting attorney, we note simply that Mr. Farmer is not entitled to relief in this proceeding unless he was prejudiced by the alleged misconduct. *In re Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). The trial court does not appear to have relied on the rebuttal witness' testimony, however, and the remaining evidence is sufficient to support the court's findings. The allegations regarding the prosecuting attorney thus do not identify prejudice to Mr. Farmer.

The personal restraint petition is denied.