[No. 44557-0-I. Division One. June 12, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMMY KHANTEECHIT, *Appellant*.

*Oliver R. Davis*, for appellant.

*Sammy Khanteechit*, pro se.

*Norm Maleng, Prosecuting Attorney*, and *Jeffrey C. Dernbach, Deputy*, for respondent.

Per Curiam — After a jury convicted Sammy Khanteechit of two counts of rape of a child, the trial court refused Khanteechit's request for an exceptional sentence below the standard range and imposed concurrent sentences within the standard range. Because Khanteechit has failed to show that the trial court either refused to exercise its discretion or relied on an impermissible basis in denying his request for an exceptional sentence, we affirm the standard range sentences.

## FACTS

Khanteechit was charged with five counts of second degree child rape in violation of RCW 9A.44.076 and tried by jury. At the close of trial, the court dismissed three of the counts for insufficient evidence, but Khanteechit was convicted on the remaining two. The standard range for each conviction was 67 to 89 months. Khanteechit requested an exceptional sentence below the standard range (12 months), but the trial court refused and sentenced him to two concurrent 72-month sentences. This appeal followed.

## DISCUSSION

██ RCW 9.94A.210(1) states that "[a] sentence within the standard range for the offense shall not be appealed." That standard is not, however, an absolute prohibition of the right to appeal.[1] Where, as here, a defendant has requested an exceptional sentence below the standard range, we may review the decision if the court either refused to exercise its discretion at all or relied on an impermissible basis for refusing to impose an exceptional sentence.[2] "[A] trial court that has considered the facts and

---

[1] *State v. Garcia-Martinez*, 88 Wn. App. 322, 328-29, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002, 966 P.2d 902 (1998).

[2] *Id.* at 330. A court refuses to exercise its discretion if it refuses categorically to

has concluded that there is no basis for an exceptional sentence has exercised its discretion, and the defendant may not appeal that ruling."[3]

At Khanteechit's sentencing hearing, the State recommended an 89-month sentence. Defense counsel requested an exceptional sentence of 12 months, well outside the standard range of 67 to 89 months, based on the following mitigating factors: (1) the minor Khanteechit raped "was an initiator and willing participant in the sexual intercourse"; (2) there was no indication the minor had been harmed psychologically or otherwise by her sexual relationship with Khanteechit; (3) Khanteechit has no criminal history; and (4) marriage between an adult and a minor is acceptable in Thai culture with approval from the minor's parents.[4]

The court rejected each of Khanteechit's proposed mitigating factors on various legal and factual grounds. The trial court first noted that lack of criminal history is not a mitigating factor because it "is already factored into the offender score."[5] Next, the court rejected Khanteechit's assertion that the minor had suffered no harm because "there is no doubt in my mind that sexual contact between a grown adult and a 13-year-old is inherently harmful to the 13-year-old. That's the reason that we have laws against sexual contact with a 13-year-old." As for Khanteechit's reliance on Thai culture, the court observed:

> While conduct with an adult and a minor child in marriage with [parental consent] may be appropriate in some cultures, that's not even what happened here. What happened here is,

---

impose an exceptional sentence below the standard range under any circumstances, i.e., it takes the position that it will never impose a sentence below the standard range. A court relies on an impermissible basis for declining to impose an exceptional sentence below the standard range if it takes the position, for example, that no drug dealer should get an exceptional sentence down or it refuses to consider the request because of the defendant's race, sex or religion. *Id.*

[3] *Id.*

[4] Khanteechit and the minor are both Thai.

[5] *State v. Freitag*, 127 Wn.2d 141, 142, 896 P.2d 1254 (1995) (criminal history may not be used as a mitigating factor because it is one of the components used to compute the presumptive range for an offense).

we have a married man, an adult in his 30s, having a sexual relationship with a 13-year-old that he doesn't even intend to marry and hasn't married. That to me is different . . . .

Finally, the court rejected defense counsel's characterization of the minor as a "willing participant,"[6] citing and distinguishing *State v. Clemens*.[7] There we affirmed the use of the "willing participant" mitigating factor in an exceptional sentence, but only because the perpetrator and the victim were relatively close in age, and the victim, not the perpetrator, initiated the contact. In contrast, this case involves sexual contact between a 38-year-old and a 13-year-old, and "the evidence . . . indicated Mr. Khanteechit initiated the contact and somewhat pursued [the minor]." The court concluded that "this case is startlingly different from [*Clemens*]."[8]

The trial court based its refusal to impose an exceptional sentence on its understanding of the facts and its review of relevant case law, ultimately concluding that "neither the top end nor the bottom end is appropriate" for Khanteechit. There is nothing in the record to even suggest that the court either refused to exercise its discretion or relied on any impermissible basis in rejecting the request for an exceptional sentence. And although Khanteechit takes issue with the trial court's findings that the minor suffered harm and that he initiated the sexual contact, his criticisms go only to the judgment the trial court exercised. This is not a proper subject for appeal.

Khanteechit also argues that he is entitled to appeal his standard range sentences because the trial court "incorrectly determine[d that] the law does not recognize a given mitigating factor," namely, the "willing participant" factor.

---

[6] This is a statutory mitigating factor: "To a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." RCW 9.94A.390(1)(a).

[7] 78 Wn. App. 458, 898 P.2d 324 (1995).

[8] The court also noted the dissent in *Clemens*, in which Judge Seinfeld argued that the "willing participant" factor should not apply to child victims because a child cannot be a willing participant. *See* 78 Wn. App. at 469-71.

But although the court did not cite the statutory section that defines that factor, there is no basis for his contention that the court was unaware of it. Indeed, the court focused on *Clemens*, which clearly dealt with RCW 9.94A.390(1)(a), to see *how* that factor had been used in other circumstances. There was no error.

Affirmed.[9]

---

[9] In a pro se brief, which is actually a copy of a "Motion for New Trial" that he presumably submitted to the trial court, Khanteechit alleges that his attorney was replaced without his knowledge or consent, and that defense counsel failed to call crucial witnesses and guaranteed him that he would "walk out of court as a free man." We cannot evaluate these allegations because Khanteechit offers virtually no legal or factual grounds to support them.