[No. 28843-9-III.   Division Three.   May 10, 2011.]

THE STATE OF WASHINGTON, *Appellant*, v. NOEL GARCIA, *Respondent.*

*James P. Hagarty, Prosecuting Attorney,* and *Kevin G. Eilmes, Deputy,* for appellant.

*Janet G. Gemberling* (of *Gemberling & Dooris PS*), for respondent.

¶1 KULIK, C.J. — The State appeals the decision of the trial court to sentence Noel Garcia to an exceptional sentence below the standard sentence range. The State alleges that the mitigating factors found by the trial court in Mr. Garcia's sentencing were not substantial and compelling and that the sentence was too lenient and, therefore, improper under RCW 9.94A.585(4)(b). We disagree and, therefore, affirm the exceptional sentence.

## FACTS

¶2 In 2005, Noel Garcia was convicted in Franklin County of third degree rape of a child. As a transient and a convicted sex offender, Mr. Garcia was required under RCW 9A.44.130 to register with the Yakima County Sheriff's Office (YCSO) and report to the YCSO every seven days. Mr. Garcia had to travel to the YCSO in Yakima to fulfill his reporting duties because a fire had destroyed the closest sheriff's office to Mr. Garcia's place of residence in Sunnyside, Washington. Mr. Garcia had no car and relied on others to get to Yakima every week to meet his reporting obligations.

¶3 On July 7, 2009, Mr. Garcia was required to report to the YCSO to fulfill his reporting duties. He intended to check in at the YCSO and then turn himself in to the Department of Corrections (DOC) for an outstanding bench warrant. Mr. Garcia had arranged for his friend, Angie Jenson, to drive him from Sunnyside to Yakima on July 7. Mr. Garcia expected Ms. Jenson to meet him after work at 4:00 p.m. to drive him to Yakima. But Ms. Jenson did not pick up Mr. Garcia until 4:50 p.m.

¶4 Mr. Garcia contacted YCSO official Sandee Deel at 4:50 p.m. and told her that he would be unable to check in at the YCSO and would instead turn himself in to the DOC at the Yakima County jail. Ms. Deel was aware of Mr. Garcia's intentions to turn himself in to the DOC because she was notified of his intentions earlier that day. Mr. Garcia asked Ms. Deel in his 4:50 p.m. telephone call whether there would be a warrant for his arrest if he failed to report to the YCSO on July 7 due to his incarceration at the Yakima County Jail. Ms. Deel notified him that if he was incarcerated, it would be a valid reason for failing to report, and he would not be in violation of his reporting duties because his location would be known. After her conversation with Mr. Garcia, Ms. Deel faxed a copy of Mr. Garcia's DOC warrant to the Yakima County jail and contacted the jail sergeant's desk to inform them that Mr. Garcia would be arriving at the jail that evening.

¶5 Mr. Garcia arrived at the Yakima County jail around 5:30 p.m. Upon arrival, jail officials told Mr. Garcia that he would not be permitted to turn himself in for the DOC warrant because it was after 5:00 p.m. Mr. Garcia was further told that even if jail officials had the DOC warrant, he could be admitted to the jail only if an officer brought him in.

¶6 Mr. Garcia did not report to the YCSO nor was he admitted to the Yakima County Jail on July 7, 2009. On August 10, 2009, the State charged Mr. Garcia with failing to register as a sex offender under RCW 9A.44.130. Mr. Garcia was convicted in a bench trial and sentenced to a 364-day exceptional sentence. The standard range for Mr. Garcia's offense was 33 to 43 months. The trial court justified imposing the exceptional sentence based upon Mr. Garcia's transportation difficulties, attempts to comply with his reporting obligations as evidenced through his telephone calls to the YCSO and reporting to the Yakima County jail, his obligation to register with two different government agencies located 40 miles apart, and the de minimis nature of his violation. The State appealed.

## ANALYSIS

■ ¶7 Conclusions of law are reviewed de novo. *State v. Ferguson*, 142 Wn.2d 631, 646, 15 P.3d 1271 (2001); *State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005) (quoting *State v. Ha'mim*, 132 Wn.2d 834, 840, 940 P.2d 633 (1997)).

■ ¶8 A court's justification for a sentence above or below the standard sentence range requires finding that mitigating circumstances are "substantial and compelling" as a matter of law. *State v. Moore*, 73 Wn. App. 789, 795, 871 P.2d 642 (1994). To find mitigating factors substantial and compelling, it must be shown that (1) the trial court did not base an exceptional sentence on mitigating factors necessarily considered by the legislature in establishing the standard sentence range and (2) the mitigating factors are sufficiently substantial and compelling to distinguish the instant crime from others in the same category. *Law*, 154 Wn.2d at 95 (quoting *Ha'mim*, 132 Wn.2d at 840).

■ ¶9 *Legislative Consideration of Trial Court's Mitigating Factors.* Whether the legislature considered the mitigating factors used by the trial court requires an evaluation of the trial court's mitigating factors in relation to the purpose behind the Sentencing Reform Act of 1981, chapter 9.94A RCW. *State v. Pascal*, 108 Wn.2d 125, 137-38, 736 P.2d 1065 (1987); *State v. Freitag*, 127 Wn.2d 141, 144-45, 896 P.2d 1254 (1995). The legislature identifies seven purposes for determining standard range sentences. These include:

> (1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
>
> (2) Promote respect for the law by providing punishment which is just;
>
> (3) Be commensurate with the punishment imposed on others committing similar offenses;
>
> (4) Protect the public;

(5) Offer the offender an opportunity to improve him or herself;

(6) Make frugal use of the state's and local governments' resources; and

(7) Reduce the risk of reoffending by offenders in the community.

RCW 9.94A.010.

¶10 There are no Washington cases that evaluate similar mitigating factors used by the trial court here in determining violations under RCW 9A.44.130. Courts have rejected sentences outside the standard sentence range when the mitigating factors were the particular purposes listed by the legislature in RCW 9.94A.010 or were drug and alcohol related factors. *See Freitag*, 127 Wn.2d at 143-45 (rejecting a defendant's opportunity to improve herself through community service and absence of criminal history as mitigating factors); *State v. Armstrong*, 106 Wn.2d 547, 551, 723 P.2d 1111 (1986) (rejecting criminal history as a mitigating factor); *State v. Alexander*, 125 Wn.2d 717, 730, 888 P.2d 1169 (1995) (rejecting peripheral participation in a drug business as a mitigating factor); *State v. Gaines*, 122 Wn.2d 502, 511-12, 859 P.2d 36 (1993) (rejecting drug addiction as a mitigating factor); *State v. Allert*, 117 Wn.2d 156, 164, 169, 815 P.2d 752 (1991) (rejecting alcoholism and absence of future dangerousness as mitigating factors).

¶11 In contrast, courts have found only a small number of mitigating factors outside the legislative purposes listed in RCW 9.94A.010, including instances of assistance and cooperation with the state authorities, de minimis drug possession, and factors related to domestic abuse. *See State v. Nelson*, 108 Wn.2d 491, 500-01, 740 P.2d 835 (1987) (cooperation and assistance with state authorities is a valid mitigating factor); *Alexander*, 125 Wn.2d at 726-28 (possession of an extraordinarily small amount of a controlled substance is a valid mitigating factor); *Pascal*, 108 Wn.2d at 136 (the fact that the victim was the initiator, duress, and the battered woman syndrome in a wife's killing of her husband are appropriate mitigating factors).

¶12 Here, Mr. Garcia's transportation difficulties and attempts to comply with his reporting duties do not relate to the purposes listed under RCW 9.94A.010. These factors instead relate to Mr. Garcia's ability to perform his required reporting duties and whether there were external forces hindering his ability to do so. Conversely, the court's mitigating factors are not rationales to allow Mr. Garcia to improve himself, that protect the public, or that reduce state costs.

¶13 Only one of the trial court's mitigating factors, the de minimis nature of Mr. Garcia's violation of RCW 9.94A.010, is invalid to support an exceptional sentence. Prior courts have held that exceptional sentences based upon the size of the violation is an evaluation of proportional seriousness, a factor that the legislature has already taken into consideration. *State v. Fowler*, 145 Wn.2d 400, 405, 38 P.3d 335 (2002). However, the courts have not rejected a trial court's exceptional sentence due to the use of a single, invalid mitigating factor if there are other valid mitigating factors provided. *Pascal*, 108 Wn.2d at 138. Due to the presence of the trial court's other valid mitigating factors, Mr. Garcia's transportation difficulties, and attempts to comply with his reporting requirements, we conclude that the trial court did not improperly rely upon factors envisioned by the legislature when it established standard sentence ranges.

¶14 *Distinguishable Crimes from Those in the Same Category.* Mr. Garcia's crime is distinguishable from other crimes under RCW 9A.44.130 because the trial court's mitigating factors are factors related to the elements of the crime, and Mr. Garcia's violation of RCW 9A.44.130 did not relate to a failure to disclose his residence or whether local authorities were aware of his presence in their jurisdiction.

¶15 Mitigating factors for exceptional sentences must relate to the elements of the crime or the defendant's previous record. *Law*, 154 Wn.2d at 97. In applying this standard, courts have rejected personal characteristics and conditions, such as a defendant's drug use and family

support, as valid mitigating factors relating to elements of a crime. *See Gaines*, 122 Wn.2d at 509.

¶16 In contrast, courts have accepted mitigating factors relating to the particular elements of a defendant's crime only in particular crime-specific cases. *See Alexander*, 125 Wn.2d at 729.

¶17 The mitigating factors used by the trial court to impose Mr. Garcia's exceptional sentence are elements related to the crime because they relate to Mr. Garcia's ability to perform his obligated reporting duties. The trial court held that Mr. Garcia's transportation difficulties and efforts to comply with registration through contacting the YCSO and attempting to obtain admittance to the Yakima County jail were factors that justified his exceptional sentence. Neither of these factors relates to Mr. Garcia's personal conditions, such as his family situation or drug dependencies. Instead, they are specifically focused on the elements of the crime under RCW 9A.44.130; namely, Mr. Garcia's ability to report to the YCSO and Yakima County jail. Accordingly, they are legitimate factors to support the exceptional sentence.

¶18 The mitigating factors also distinguish his crime from other crimes normally included under RCW 9A.44-.130. The factors did not include rationales based on Mr. Garcia's failure to disclose his residence or whether local authorities were aware of his presence in their jurisdiction. The legislative history of RCW 9A.44.130 shows that the statute was intended to ensure that convicted sex offenders have an affirmative duty to report and register their residence to the appropriate county sheriff regardless of their living situation. LAWS OF 1999, 1st Spec. Sess., ch. 6, § 1. Further, the legislature established the reporting requirements with the intent of ensuring that local authorities have valid information about sex offenders in their jurisdiction. LAWS OF 1990, ch. 3, § 401. This legislative history shows that RCW 9A.44.130 was intended to address two issues: the location of convicted sex offenders and the availability of such information to local authorities. Neither

of these issues of legislative intent is included in the factors at issue here. Instead, the factors relate to Mr. Garcia's ability to register in person, not whether he was able to disclose the location of his residence or if local authorities were aware of his presence in their jurisdiction. These different rationales make Mr. Garcia's crime distinguishable.

¶19 The trial court's sentence for Mr. Garcia is based on mitigating factors that are substantial and compelling.

¶20 *Lenient Sentence.* The standard of review for an excessively lenient sentence is an abuse of discretion review. *Ha'mim,* 132 Wn.2d at 840; *State v. Branch,* 129 Wn.2d 635, 645-46, 919 P.2d 1228 (1996); *Allert,* 117 Wn.2d at 163.

¶21 A sentence is too lenient if it is one that no reasonable court would impose. *Alexander,* 125 Wn.2d at 731. Courts have found an abuse of discretion under RCW 9.94A.585(4)(b) when a trial court used mitigating factors to justify a sentence below the standard sentence range that cannot be equally applied to all potential defendants. *See Freitag,* 127 Wn.2d at 143-45.

¶22 In contrast, courts have found multiple mitigating factors reasonable and not an abuse of discretion, including cooperation and assistance with the State, de minimis drug infractions, and conditions related to domestic abuse. *See Nelson,* 108 Wn.2d at 500-01, 505; *Alexander,* 125 Wn.2d at 732-33; *Pascal,* 108 Wn.2d at 138-39.

¶23 The mitigating factors used by the trial court in Mr. Garcia's sentencing were reasonable and do not constitute an abuse of discretion because the factors do not violate equal application principles under RCW 9.94A.340, and they show Mr. Garcia attempted to cooperate and assist State authorities. Unlike *Freitag,* the mitigating factors established by the trial court in Mr. Garcia's sentencing relate to his actions in attempting to comply with his statutory reporting requirements. Transportation and reporting considerations related to a sex offender's ability to

688

comply with his reporting duties are likely applicable to all persons who have violated RCW 9A.44.130. Further, the trial court used Mr. Garcia's attempts at reporting as evidence of a willingness to work with State authorities. This is similar to *Nelson* where the defendant attempted to aid State authorities. *Nelson*, 108 Wn.2d at 500-01.

¶24 We conclude that the trial court's imposition of an exceptional sentence was not too lenient under RCW 9.94A.585(4)(b). We affirm the trial court's sentencing.

BROWN and SIDDOWAY, JJ., concur.

Review denied at 173 Wn.2d 1008 (2012).