IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
| | ) | No. 72313-8-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ZACHARY RICHARD STANDLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 27, 2015 |
| | ) | |

BECKER, J. — To prevail on a claim for ineffective assistance of counsel, the defendant must overcome the presumption that counsel's actions were strategic. Because the defendant has failed to do so here, we affirm.

Appellant Zachary Standley was convicted by stipulated bench trial of felony failure to register as a sex offender from February 18, 2014, through February 27, 2014. Defense counsel argued for an exceptional sentence below the standard range on the ground that Standley was willing to comply with registration requirements but lacked the financial and transportation resources to do so. The trial court declined to impose an exceptional sentence, instead imposing a sentence at the low end of the standard range. Standley appeals.

Standley argues that he received ineffective assistance of counsel when his attorney failed to cite State v. Garcia, 162 Wn. App. 678, 256 P.3d 379 (2011), review denied, 173 Wn.2d 1008 (2012).

Criminal defendants are entitled to the effective assistance of counsel. U.S. CONST. amend. 6; WASH. CONST. art. I, § 22. Reviewing courts presume counsel's representation was effective. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To prevail on a claim of ineffective assistance of counsel, the defendant must show both that his counsel's representation was deficient and that the deficiency was prejudicial. McFarland, 128 Wn.2d at 335. Deficient performance is not shown by matters that go to trial strategy or tactics. State v. Hendrickson, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). To establish deficient performance, the defendant must overcome the presumption that counsel's decisions were strategic. McFarland, 128 Wn.2d at 336.

Garcia recognized that an offender's willingness to comply with sex offender registration requirements, as evidenced by his attempts to comply, could serve as a basis for an exceptional sentence below the standard range. Garcia was a transient sex offender. To comply with his duty to register every week, he arranged to get rides with friends from Sunnyside, where he lived, to the sheriff's office in Yakima. Due to a fire, Yakima was the closest place Garcia could report even though it was 40 miles away. On the day in question, Garcia arranged transportation from Sunnyside to Yakima to register with the sheriff's office. He also planned to turn himself in to the Department of Corrections in Yakima on an outstanding bench warrant. His ride was almost an hour late. He called the sheriff's office to let them know he would not make it on time. He was told that if he turned himself in on the warrant, he would not be in violation of his reporting requirements. But he got to the Department of Corrections office half an hour

after the deadline to turn himself in. Garcia was convicted as charged with failure to register as a sex offender. Garcia's standard range was 33 to 43 months. The trial court imposed an exceptional sentence of 364 days based on Garcia's transportation difficulties, his attempts to comply with his reporting obligations, his obligation to register with two different government agencies located 40 miles apart, and the de minimis nature of his obligation. The State appealed, arguing that the mitigating factors relied on by the trial court were not substantial or compelling and that the sentence was too lenient. This court affirmed, finding that, except for the de minimis rationale, the mitigating factors found by the trial court were appropriate because they were not factors envisioned by the legislature when it established the standard sentence ranges for the crime of failure to register.

Standley's theory of ineffective assistance assumes that Garcia supports his claim to an exceptional sentence down. It does not. Unlike Garcia, Standley took no action to comply with his reporting requirements. It was only after he missed the reporting deadline and was arrested that he told police he was unable to get to the reporting office. Unlike in Garcia, where the 40-mile distance contributed to the transportation difficulty, Standley acknowledged that the office was only 6 miles away and he could have walked. If defense counsel had cited Garcia to the trial court as authority for a lenient sentence, it would have drawn attention to Standley's relative lack of effort to comply with the registration requirement as compared to Garcia's very substantial efforts. Under these

3

circumstances, Standley cannot overcome the presumption that counsel's failure to cite Garcia was strategic.

In State v. McGill, 112 Wn. App. 95, 47 P.3d 173 (2002), counsel's failure to cite a case showing the court had authority to impose an exceptional sentence downward was held to be ineffective assistance where the trial court at sentencing expressed the incorrect belief that it lacked the authority to impose an exceptional sentence. This is not a case like McGill. The court was aware of its authority to impose an exceptional sentence below the standard range. Counsel made an argument for an exceptional sentence based on the factors considered in Garcia but without citing Garcia. Citing Garcia would have made the argument weaker, not stronger.

Affirmed.

Becker, J.

WE CONCUR:

4