# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 50082-5-II |
| Respondent | |
| v. | |
| BIJON TYREE PRICE | UNPUBLISHED OPINION |
| Appellant | |

LEE, J. — Bijon Tyree Price appeals his sentence for first degree assault and first degree unlawful possession of a firearm, arguing that (1) we can review his sentence even though the sentencing court imposed a standard range sentence, and (2) the sentencing court erred when it refused to consider an exceptional sentence downward. We affirm.

## FACTS

### A.  THE INCIDENT AND CHARGES

In March 2017, Price was charged by second amended information with first degree assault and first degree unlawful possession of a firearm.. The charges stemmed from an incident in an apartment parking lot where Price met with Faye Reynolds, Luciano Romero, and Michael Allen to exchange a laptop for some narcotics. Reynolds had contacted Price about a laptop he had for sale, and Price asked to meet at the parking lot.

Reynolds, Romero, and Allen arrived at the parking lot and remained in the car. Allen was driving, and Reynolds and Romero were in the back. Reynolds had climbed into the back of the car when they arrived in the parking lot. Price handed his laptop to Reynolds through the window. The car then lurched forward. Price fired his gun into the car and hit Allen in the head.

Price claimed that Romero had a gun in the car and displayed it in a threatening manner. Reynolds reported that Romero only had a gun on his lap. Romero stated that he did not have a gun.

B.    GUILTY PLEA

Price pleaded guilty as charged. In his plea statement, Price admitted:

> On December 22, 2015, in the State of Washington, I knowingly possessed a firearm after having previously been convicted three times for the serious offense of second degree burglary. On that same date, and in the State of Washington, I intentionally fired the firearm into a car that Michael Allen was driving with Faye Reynolds in the right-rear seat and Luciano Romero in the left-rear seat. In firing my gun into the car, I do not acknowledge that I intended to inflict great bodily harm, *i.e.*, bodily injury that creates a probability of death. As to that element, I maintain my innocence but I nevertheless wish to plead guilty to the charge of first degree assault because I wish to accept the State's plea offer and I, after full consultation with my counsel, believe there is a substantial likelihood that I would be convicted of the current charges if this matter proceeded to trial. My gunshot hit Allen in the head and in fact inflicted great bodily harm. In firing the gun into the car, I assaulted Allen, Romero, and Reynolds by putting all three in an immediate and reasonable apprehension of harm.
>
> While the State does not agree with this position, I maintain that under RCW 9.94A.535(1)(a), Romero, Reynolds, and Allen were, "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." I maintain that the three were trying to steal from me and that Romero had what appeared to be a firearm that he displayed toward me in a threatening manner. However, I do acknowledge that, as I stated to Detective Martin, I "fucked up" because my actions were not necessary for self-defense as their car was driving off when I fired my gun.

Clerk's Papers (CP) at 27.

C.      SENTENCING

At sentencing, Price requested an exceptional sentence downward.  Price argued that such a sentence was warranted because "to a significant degree the victim was an initiator, willing participant, aggressor or provoker of the incident" under RCW 9.94A.535(1)(a).  Verbatim Report of Proceedings (VRP) (Mar. 10, 2017) at 20.  Price asserted that Allen lured him to the location where he would be robbed, and that but for the conduct of Allen, "this whole thing wouldn't have happened."  VRP (Mar. 10, 2017) at 23.  Price admitted that a search warrant was issued for the car Allen was driving, that the car was towed, and that no gun was found in the car.

In considering Price's request for an exceptional sentence downward, the sentencing court made two oral findings.  The sentencing court found by a preponderance of the evidence that there was an intent to take Price's laptop and that to some degree it was a setup.  The sentencing court noted that Reynolds and Romero were in the back seat and Reynolds had moved to the back seat, suggesting an intent to take the laptop.  The sentencing court also determined that it could not find by a preponderance of the evidence that Romero had a gun.  The sentencing court stated:

> I think the issue of the gun is relevant because I think it goes to the degree to which the victim was an initiator, willing participant, aggressor or provoker of the incident.
>
> If you look at the language of 535 Subpart 1, it says, "To a significant degree the victim was an initiator, willing participant, aggressor or provoker."

VRP (Mar. 10, 2017) at 42.  The sentencing court noted that Romero denied having a gun, no gun was found in the car, Price said there was a gun, and Reynolds said there was a gun.  In the end, the sentencing court declined to impose an exceptional sentence downward and said, "I don't know

that I can conclude that the elements of Subpart A are satisfied, and so I am going to decline to go below the range." VRP (Mar. 10, 2017) at 43.

The sentencing court sentenced Price to 129 months of confinement for the first degree assault and 48 months of confinement for the first degree unlawful possession of a firearm, to be served concurrently. The sentence was within the standard sentencing range of 129 to 171 months of confinement for first degree assault and 36 to 48 months of confinement for first degree unlawful possession of a firearm.

Price appeals his sentence.

## ANALYSIS

Price argues that we should review his claim because the sentencing court refused to consider his request for an exceptional sentence downward and misunderstood the applicable law. We disagree.

A.     LEGAL PRINCIPLES

Generally, the sentencing court must impose a sentence within the standard sentencing range under the Sentencing Reform Act.[1]  *State v. Graham*, 181 Wn.2d 878, 882, 337 P.3d 319 (2014).  A sentence within the standard range is typically not appealable.  RCW 9.94A.585(1).

The sentencing court may exercise its discretion by imposing a sentence below the standard range if "substantial and compelling reasons" justify an exceptional sentence.  RCW 9.94A.535. The sentencing court must find that mitigating circumstances justifying a sentence below the standard range are established by a preponderance of the evidence.  RCW 9.94A.535(1).  One such

---

[1] Codified at chapter 9.94A RCW.

circumstance is, "To a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident." RCW 9.94A.535(1)(a).

Where a defendant has requested an exceptional sentence downward, the denial of that request can be reviewed if the sentencing court "either refused to exercise its discretion at all or relied on an impermissible basis for refusing to impose an exceptional sentence." *State v. Khanteechit*, 101 Wn. App. 137, 138, 5 P.3d 727 (2000). A sentencing court refuses to exercise its discretion if it categorically refuses to impose an exceptional sentence below the standard range under any circumstances. *State v. Garcia–Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998). A sentencing court relies on an impermissible basis if it relies on reasons such as the defendant's race, sex, or religion. *Id*.

A sentencing court's failure to consider an exceptional sentence is reversible error. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). A sentencing court that has considered the facts and concluded that there is no basis for an exceptional sentence has exercised its discretion, and that ruling is not appealable. *Khanteechit*, 101 Wn. App. 138-39; *State v. Cole*, 117 Wn. App. 870, 881, 73 P.3d 411 (2003), *review denied*, 151 Wn.2d 1005 (2004).

B.      SENTENCING COURT EXERCISED ITS DISCRETION

Price argues that his sentence should be reversed because the sentencing court refused to consider an exceptional sentence downward. He asserts that a defendant may challenge the procedure by which a sentence is imposed. He also contends that a failure to consider an exceptional sentence and a failure to exercise discretion is subject to reversal.

5

Price mischaracterizes the events of the sentencing proceeding. Here, the sentencing court did consider Price's request for an exceptional sentence downward based on his claim that Allen was "an initiator, willing participant, aggressor, or provoker of the incident." CP at 27. The sentencing court acknowledged that to impose an exceptional sentence, it had to find that "[t]o a significant degree the victim was an initiator, willing participant, aggressor or provoker" of the incident. VRP (Mar. 10, 2017) at 42. The sentencing court considered the fact that Reynolds and Romero were in the back seat and that Reynolds had moved to the back seat. The sentencing court also considered the fact that Price said Romero had a gun, Reynolds said Romero had a gun, Romero said he did not have a gun, and no gun was recovered. The sentencing court further considered the applicable law and stated that RCW 9.94A.535(1)(a) required a finding that "[t]o a significant degree the victim was an initiator, willing participant, aggressor or provoker" of the incident. VRP (Mar. 10, 2017) at 42. The sentencing court then determined that it could not make such a finding by a preponderance of the evidence. Without a finding of the mitigating circumstance, there was no substantial and compelling reason justifying an exceptional sentence, so the sentencing court denied Price's request for an exceptional sentence downward. RCW 9.94A.535.

Thus, the sentencing court exercised its discretion in denying Price's request for an exceptional sentence downward. Because the sentencing court exercised its discretion in making this decision and did not categorically refuse to impose an exceptional sentence, Price's sentence is not reviewable. *See Cole*, 117 Wn. App. at 881 (defendant could not appeal the sentencing court's ruling because the sentencing court considered the defendant's "request for application of

a mitigating factor, heard extensive argument on the subject, and then exercised its discretion by denying the request.").

C.     BASIS OF SENTENCING COURT'S RULING NOT IMPERMISSIBLE

Price asserts that it is unclear why the sentencing court considered the presence of a gun a pivotal issue and that the sentencing court erroneously found that the absence of a firearm precluded Price from arguing self-defense. Price contends that he did not argue self-defense. While Price is correct that he did not argue self-defense, he misinterprets the sentencing court's ruling and reasoning.

Price requested an exceptional sentence downward, relying on RCW 9.94A.535(1)(a) and arguing that mitigating circumstances warranted the exceptional sentence because Allen was the "initiator, willing participant, aggressor or provoker of the incident." VRP (Mar. 10, 2017) at 20. A review of the sentencing court's discussion about the significance of there being a gun present shows that the court considered the presence of a gun in the context of whether Allen was an initiator, aggressor, or provoker of the incident to a significant degree. Not being able to find that there was a gun by a preponderance of the evidence, the sentencing court concluded that it could not find that, to a significant degree, Allen was the initiator, aggressor, or provoker of the incident. As a result, the sentencing court determined that the mitigating factor was not established.

Price argues that the sentencing court misunderstood the law because "[c]learly, someone who lures an innocent person to a location with the intent to rob him is an initiator, willing participant, aggressor or provoker of the incident." Br. of Appellant at 12. In support, Price claims

that the sentencing court found by a preponderance of the evidence that "Price was lured to the location as a 'set up' for a robbery." Br. of Appellant at 12. However, Price misstates the record.

The sentencing court did not find that Price was lured to the location as a set up for a robbery or that there was an intent to commit robbery. Rather, the sentencing court only found that Allen, Reynolds, and Romero had an "intent to take the laptop and that to some degree [it] was a setup." VRP (Mar. 10, 2017) at 41. In fact, Price was the one who had his laptop for sale and chose to meet in the parking lot to exchange the laptop for some narcotics. Furthermore, in order to establish the mitigating factor, the victim must not merely be an initiator, willing participant, aggressor, or provoker. RCW 9.94A.535(1)(a). The victim must have been *to a significant degree*, an initiator, willing participant, aggressor, or provoker. RCW 9.94A.535(1)(a) (emphasis added). The trial court did not deny Price's request for an exceptional sentence on an impermissible basis.[2]

This court's review is limited to whether the sentencing court "either refused to exercise its discretion at all or relied on an impermissible basis for refusing to impose an exceptional sentence." *Khanteechit*, 101 Wn. App. at 138. The cases cited by Price are distinguishable because the sentencing court here did not impose an exceptional sentence, whereas the cases relied on by Price challenged the imposition of exceptional sentences. Because the sentencing court exercised

---

[2] Price also argues that the sentencing court's reason for not departing from the standard range is not supported by its findings and, thus, is clearly erroneous. But the clearly erroneous standard is only applied to review the sentencing court's reasons for imposing an exceptional sentence. *See e.g., State v. Statler*, 160 Wn. App. 622, 639, 248 P.3d 165, *review denied*, 172 Wn.2d 1002 (2011). Here, the sentencing court did not impose an exceptional sentence outside the standard sentencing range.

its discretion and considered Price's request for an exceptional sentence downward and the sentencing court's decision to deny Price's request was not made on any impermissible basis, Price's challenge fails. Therefore, we hold that the sentencing court's sentence within the standard range is not appealable.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.